JUDGE BATTS

**09 CIV 1388**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STMICROELECTRONICS, N.V., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| | ) **PETITION FOR** |
| CREDIT SUISSE SECURITIES (USA) LLC, | ) **CONFIRMATION OF** |
| | ) **ARBITRATION AWARD** |
| Respondent. | ) |
| | ) |
| | ) |

RECEIVED FEB 17 2009 U.S.D.C. S.D. N.Y. CASHIERS

Petitioner STMicroelectronics, N.V. ("ST"), by its attorneys Jenner & Block LLP,

petitions the Court pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9,

for entry of a judgment confirming the arbitration award entered by the Financial Industry

Regulatory Authority ("FINRA") in ST's favor and against Respondent Credit Suisse Securities

(USA) LLC ("CS") on February 12, 2009 (the "Award"). A true and correct copy of the Award

is found as Exhibit 1 to the declaration of Joseph J. McFadden, dated February 17, 2009 (the

"McFadden Declaration"). In support of this petition, ST states as follows:

**PARTIES**

1.      ST is a corporation organized under the laws of the Netherlands and has its

principal offices in Geneva, Switzerland. ST is a major semi-conductor company whose shares

are traded, among other places, on the New York Stock Exchange. McFadden Declaration at ¶ 3.

2.      CS is a wholly-owned United States affiliate of Credit Suisse Group, a major

global private banking institution, based in Zurich, Switzerland. CS has multiple offices in the

United States, including New York City. CS is a member of FINRA and is registered as a

broker/dealer with the Securities and Exchange Commission ("SEC").  McFadden Declaration at

¶ 4.

<h2 align="center">JURISDICTION AND VENUE</h2>

3.      This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C.

§ 1332(a)(2) as it concerns citizens of a State and citizens of a foreign state.  There is complete

diversity of citizenship between the parties and the amount in controversy, exclusive of interests

and costs, exceeds $75,000.  In addition, the arbitration was held and the Award was issued in

this district, permitting jurisdiction in this Court pursuant to 9 U.S.C. § 9.  McFadden

Declaration at ¶¶ 9, 10.

4.      Venue is proper in this judicial district, pursuant to 28 U.S.C. § 1391(b) and (c).

CS is a corporation subject to personal jurisdiction within this district, and a substantial part of

the events and omissions giving rise to ST's claims occurred in this district.  McFadden

Declaration at ¶¶ 4, 5.  In addition, the arbitration was held and the Award was issued in this

district, permitting venue in this Court pursuant to 9 U.S.C. § 9.  *Id.* at ¶¶ 9, 10.

<h2 align="center">FACTUAL BACKGROUND</h2>

5.      As set forth in the Award, and as alleged by ST, ST invested hundreds of millions

of dollars with CS based on CS's representations that it would invest ST's funds solely in student

loan securities backed by U.S. government guarantees ("student loan securities").  Instead, CS

purchased unauthorized investments, such as collateralized debt obligations.  The CS directors

who orchestrated this fraud are now under criminal indictment and have been sued by the SEC.

6.      Pursuant to an arbitration provision contained in its account agreement with CS,

ST initiated an arbitration with FINRA on February 22, 2008.  ST's Statement of Claim and

amended Statement of Claim alleged 8 causes of action.  A copy of the account agreement

2

containing the arbitration provision is attached as Exhibit 2 to the McFadden Declaration.

Copies of the Statements of Claim are attached as Exhibits 3 & 4 to the McFadden Declaration.

### FINRA ARBITRATION AND AWARD

7.      Pursuant to FINRA's Code of Arbitration Procedure, ST and CS jointly selected a panel (the "Panel") to arbitrate the dispute. A copy of the documents reflecting the appointment of the Panel and the acceptance of the Panel by the parties are attached as Exhibits 5 & 6 to the McFadden Declaration. CS was represented at all times by in-house counsel as well as outside counsel Linklaters LLP. McFadden Declaration at ¶ 8.

8.      The arbitration hearing commenced on December 1, 2008. The Panel heard live testimony from thirteen witnesses. The thirteen witnesses included two ST employees, eight current or former employees of CS, one expert testifying on behalf of ST, and two experts testifying on behalf of CS. The Panel also received the transcripts of depositions from two witnesses (one offered by ST and one offered by CS), and considered hundreds of exhibits from both parties. The transcript of proceedings from the arbitration hearing totals 3,457 pages. The evidence was received over 15 days of the hearing, which continued until January 30, 2009. The parties gave opening and lengthy closing arguments. After the hearing ended, the arbitrators received two sets of post-hearing submissions from each of the parties. McFadden Declaration at ¶ 9.

9.      On February 12, 2009, FINRA issued the Award. A true and correct copy of the Award is found as Exhibit 1 to the McFadden Declaration.

10.     The Panel found that CS was liable to ST in the amount of $431,796,376. After deducting interest that had already been paid to ST, the Panel determined that CS owed ST the amount of $406,628,243. Exhibit 1 to the McFadden Declaration at page 7.

11.     In addition, the Panel awarded ST interest at the rate of 4.64% to be paid by CS on the par value of the securities at issue from December 31, 2008 until the date of payment. Exhibit 1 to the McFadden Declaration at page 7.  The par value of the securities is $414,975,000.  McFadden Declaration at ¶ 10.  Therefore, interest accrues at a rate of $52,752.98 per day.  As of the date of filing this petition, interest in the amount of $2,532,143 has accrued. The Award provides that CS is to pay ST immediately and that ST thereafter is to transfer ownership of the securities in its account to Credit Suisse.  Exhibit 1 to the McFadden Declaration at page 7.

12.     No prior requests to confirm, modify, or correct the Award have been made.

13.     Section 12904 of the FINRA Code of Arbitration Procedures, a copy of which is attached as Exhibit 8 to the McFadden Declaration, provides that awards by FINRA arbitrators "may be entered as a judgment in any court of competent jurisdiction."

14.     Section 9 of the Federal Arbitration Act directs the district courts to confirm arbitral awards.  9 U.S.C. § 9.

15.     The Award meets the requirements for confirmation under Section 9.  The parties' agreement to arbitrate provided that the Award would be governed by the rules of FINRA and those rules permit entry of judgment in a court of competent jurisdiction.  The Award is ripe for confirmation in that it finally and conclusively determined the issues presented by ST's demand. In the Award, the Panel ordered CS to pay a sum certain to ST.

WHEREFORE, ST respectfully requests that the Court enter an Order:

    (a)     confirming the Award and entering judgment on the Award, including a monetary award in the amount of $431,796,376 in favor of ST and against CS;

(b)     directing CS to pay to ST the unpaid balance of

$406,628,243;

(c)     awarding interest of $52,752.98 per day from December

31, 2008 until the date of payment;

(d)     awarding CS ownership of the portfolio currently in ST's

account once CS has paid ST in full; and

(e)     granting such other and further relief as this Court deems

equitable and just.


Date: February 17, 2009                          STMICROELECTRONICS, N.V.

By: _____

JENNER & BLOCK LLP
Andrew Weissmann
Matthew W. Alsdorf
Joseph J. McFadden
919 Third Avenue, 37th Floor
New York, NY  10022-3908
(212) 891-1650